# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEE ATTACHED,<br><br>    Petitioner,<br><br>    vs.<br><br>SEE ATTACHED,<br><br>    Respondent(s). | Case No. SEE ATTACHED<br><br>**ORDER SETTING HEARING FOR STATUS CONFERENCE**<br><br>Date: February 11, 2026<br>Time: 1:30 pm<br>Courtroom: 540 (Roybal Fed Bldg & US Crthse) |

To "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court orders lead counsel for the parties[1] in the cases listed on the Attachment to this order to appear at **1:30 PM** on **February 11, 2026** in Courtroom 540 of the Roybal Federal Building and United States Courthouse (255 East Temple Street, Los Angeles, California 90012) for purposes of "expediting disposition of this action," "establishing early and continuing control so that the case will not be protracted because of lack of management," and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a); *see* Fed. R. Civ. P. 81(a)(4); Rules 1(b) and 12 of Rules Governing Section 2254 Cases.

No appearances at the status conference will be required if a notice or stipulation of dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) is filed with the Court by no later than **5 PM** on **February 6, 2026**. Otherwise, in the interests of "formulating and simplifying the issues, and eliminating frivolous claims or defenses," "referring matters to a magistrate judge," "using special procedures to assist in resolving the dispute," "disposing of pending motions," "adopting special procedures for managing potentially difficult or protracted actions," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action," Fed. R. Civ. P. 16(c)(2), counsel for the parties must meet and confer beforehand and then be prepared to address with the Court at the status conference:

> Whether the relief sought in the petition can be provided in a more orderly and speedy fashion by stipulation and proposed order (while preserving disputed agency positions about statutory or legal interpretations of the Immigration and Nationality Act)

> Whether the relief sought in the petition has been mooted by subsequent events and, if not, what relief may still be granted despite subsequent events.

---

[1] Government counsel may stand in for one another but only if they file a notice of appearance in advance of the status conference, are fully familiar with the facts of the case(s) they appear on, and can make statements binding the Respondent(s) in the particular case(s) they appear on.

    Whether the relief sought in the petition has already been ordered as part of class-wide relief in any class or collective action(s), no matter if appeals are still pending or the actions were filed outside this district, and how such relief may be secured in the most expeditious and orderly way.

    Whether any other scheduling or special procedures, including voluntary consent under 28 U.S.C. § 636(c), will facilitate the just, speedy, and inexpensive disposition of the action.

   When conferring with each other about these issues and in addressing them at the status conference, counsel are reminded of not only their general "responsibility" not to "over-use, misuse, and abuse" federal "procedural tools" in ways "that increase cost and result in delay," 2015 Adv. Comm. Notes to Fed. R. Civ. P. 1., but also of their obligations under Federal Rule of Civil Procedure 11(b) when making representations to the Court and of their duties under 28 U.S.C. § 1927 to avoid "unreasonably" multiplying proceedings in any action.

   Failure to appear at the status conference or to be prepared to participate in good faith at the conference may lead to sanctions or contempt proceedings. Sanctions may include monetary sanctions and involuntary dismissal of the action—with or without prejudice—with no further warning or notice. *See*, *e.g.*, Fed. R. Civ. P. 16(f), 37(b)(2)(A), and 41(b); L.R. 41-1, 41-5

   IT IS SO ORDERED.

Dated: January 28, 2026

                STEVE KIM
                United States Magistrate Judge

# ATTACHMENT

| Case Caption | Case Number |
| --- | --- |
| *Alireza Dastgir v. Marin et al.* | 5:25-cv-03549-PA-SK |
| *Sam Lahooti v. Kristi Noem et al.* | 2:26-cv-00171-MWF-SK |
| *R.S. v. Ernesto Santacruz et al.* | 5:25-cv-02594-MWC-SK |
| *Maria Ramirez v. David Marin et al.* | 5:25-cv-03336-CAS-SK |
| *Jose Rodas Rodas v. F. Samiea et al.* | 5:26-cv-00065-AB-SK |
| *Victoria Sorocean v. Pamela Bondi et al.* | 5:25-cv-02985-MCS-SK |
| *Henrikh Vardanyan v. Warden, et al.* | 5:25-cv-03272-SVW-SK |
| *Marvin Ulin Caal v. Warden et al.* | 5:26-cv-00013-SVW-SK |
| *Luis Pech v. Warden et al.* | 5:25-cv-03611-FMO-SK |